IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 4:16-CV-79-FL

| | |
|---|---|
| SIDNEY LEWIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BRENTON BENT, individually and in ) | |
| his official capacity as a Community ) | |
| Code Supervisor for the City of Rocky ) | |
| Mount, North Carolina; JONATHAN L. ) | ORDER |
| BOONE, individually and in his official ) | |
| capacity as the Director of Public ) | |
| Works and Water Resources for the ) | |
| City of Rocky Mount, North Carolina; ) | |
| CITY OF ROCKY MOUNT, NORTH ) | |
| CAROLINA, and EDGECOMBE ) | |
| COUNTY, NORTH CAROLINA, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on defendant Edgecombe County, North Carolina's ("Edgecombe County") motion to dismiss complaint of plaintiff, proceeding pro se, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. (DE 15). The motion has been fully briefed and issues raised are ripe for ruling. For the reasons that follow, Edgecombe County's motion is granted.

**STATEMENT OF FACTS**

The court proceeds here immediately to summary of the facts alleged in complaint where the case background is a matter of record.[1] Defendant City of Rocky Mount is a municipal corporation

---

[1] The court incorporates herein by reference "Background" set forth in the court's April 24, 2017, order. (DE 28).

located within the borders of defendant Edgecombe County, which also is a municipal corporation. At all relevant times, defendant Benton Bent ("Bent") was a community code supervisor within the City of Rocky Mount's Public Works and Water Resources Division, whose duties included inspecting properties subject to the jurisdiction of the City of Rocky Mount. Defendant Jonathan L. Boone ("Boone") is the director of the City of Rocky Mount's Department of Public Works and Water Resources, whose duties include property inspection and supervision of other Department of Public Works staff.

At all times relevant to this action, plaintiff was a sixty-seven year old black male. (DE 4 ¶ 7). Plaintiff lived at 319 Marigold Street, City of Rocky Mount, North Carolina, which is located within Edgecombe County, North Carolina. (Id. ¶ 17). Since April 2011, officials from the City of Rocky Mount's Department of Public Works and Water Resources, Community Code Division, repeatedly inspected plaintiff's property and found violations of the city code including broken interior doors, failure to replace or remove kitchen cabinets, failure to install new kitchen appliances, failure to maintain a clean pool room, failure to replace or remove a kitchen sink, and failure to paint a hallway. (Id. ¶ 18). Based upon these findings, plaintiff was assessed civil penalties, which penalties continually recurred and accumulated on a monthly basis, until eventually, fees and fines assessed against plaintiff totaled over $30,000. (Id. ¶¶ 20, 42, 49, 57). Plaintiff was notified that "[c]ivil penalties will continue until the house has been repaired or vacated." (Id. ¶ 20).

In 2013, defendant City of Rocky Mount declared that an inoperable travel trailer on plaintiff's property that plaintiff used to store family heirlooms constituted a public nuisance, citing in support of that finding that the trailer blocked public view of plaintiff's property. (Id. ¶ 5, 20). Eventually, the city decided to seize the trailer, and defendant Bent appeared at plaintiff's property August 28, 2013, to effect the seizure. (Id.). Bent entered the property over plaintiff's objection

and, in a manner not described in the complaint, began to remove the trailer. (Id.). During this time, plaintiff attempted to remove his family heirlooms from the trailer, but, at the direction of Bent, City of Rocky Mount police officer W.T. Mayfield arrested plaintiff and placed him in custody at Edgecombe County Detention Center. (Id.). Plaintiff was charged with resisting a public officer, but the charges were dismissed. (Id. ¶ 48).

Following the foregoing arrest and after accruing significant additional monthly fines, plaintiff brought this action.

**COURT'S DISCUSSION**

A.   Standard of Review

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

In evaluating the complaint, "[the] court accepts all well-plead facts as true and construes these facts in the light most favorable to the plaintiff, "but does not consider legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

Courts must liberally construe pro se complaints, and a "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, courts "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loan Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011) (citing Walter v. Dep't of Soc. Servs. for the City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990)). "The 'special judicial solitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." Walter, 901 F.2d 391.

B.  Analysis

Plaintiff alleges claims under 42 U.S.C. §§ 1981, 1982, 1983, & 3604, arising from defendants' alleged racially motivated gentrification policy and state law claims sounding in assault, battery, and false imprisonment arising from plaintiff's August 28, 2013, arrest. Pertinent to the instant motion, plaintiff names Edgecombe County as a defendant, which, under North Carolina law, constitutes a local municipality vested with the police power of the state. N.C. Gen. Stat. § 153A-121. A municipality or other local governmental authority is subject to liability for violation of a plaintiff's constitutional rights "only when its 'policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury.'" Santos v. Frederick Cnty. Bd. of Comm'rs, 725 F.3d 451, 469–70 (4th Cir. 2013) (quoting Monell v. Department of Social Services of City of New York, 436 U.S. 658, 693 (1978)). Accordingly, to prevail against Edgecombe County, plaintiff must demonstrate that he suffered acts of misconduct undertaken by an employee or agent of Edgecombe Count pursuant to the county's official "policy or custom[.]" See id.

Upon review of plaintiff's complaint, it is apparent that plaintiff does not allege wrongful conduct undertaken pursuant to the official policy or custom of defendant Edgecombe County. See id. Although plaintiff alleges that he was "involuntarily transported to the Edgecombe County Detention Center" (Pl's Ver. Compl. ¶ 67, DE 4, at 18), he does not allege that Edgecombe County or its officials are responsible for taking him there, nor does he allege acts of misconduct while in custody at the Edgecombe County Detention Center. Nowhere else does plaintiff's complaint address Edgecombe County or any individuals for whose conduct Edgecombe County may be held responsible. (See, e.g., id. ¶¶ 1–69).

Instead, plaintiff alleges that officials for defendant City of Rocky Mount are responsible for allegedly unconstitutional acts of racial discrimination and that a police officer for the City of Rocky Mount effected an unlawful arrest. (Id. ¶ 20). Accordingly, where plaintiff has alleged neither conduct on the part of any official acting on behalf of defendant Edgecombe County, nor the existence of an official policy or custom held by Edgecombe County causing a deprivation of plaintiff's constitutional rights, the complaint must be dismissed to the extent it adheres to defendant Edgecombe County. See Walter, 901 F.2d 391. However, where the district court possesses discretion whether to issue Rule 12(b)(6) dismissal with or without prejudice, Carter v. Norfolk Community Hosp. Ass'n, Inc., 761 f.2d 970, 974 (4th Cir. 1985), the instant dismissal is without prejudice.

## CONCLUSION

For the foregoing reasons, defendant Edgecombe County, North Carolina's motion to dismiss, (DE 15), is GRANTED, and plaintiff's claims against Edgecombe County are DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this the 23th day of May, 2017.

LOUISE W. FLANAGAN
United States District Judge